UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:14-CR-118-DCR-REW |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| HAZEL J. POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). *See* DE #31 (Minute Entry Order). Procedurally, the hearing followed Defendant's motion for a psychiatric exam, DE #15, and Defendant's Rule 12.2(a) notice, DE #18. At a motion hearing, the United States did not object to noncustodial psychiatric evaluation, and the Court deemed the Government to have made the motion for an examination encompassing criminal responsibility.[2] DE #19. The Court, upon the required findings, ordered a noncustodial evaluation. DE #21. Powell had been compliant with bond and her liberty interest warranted assessment out of custody.

Dr. Paul A. Ebben, Psy.D., evaluated Defendant at the Lexington office of Insight Psychological Consultants, PSC. Robin Powell ("Robin," to differentiate her from Defendant),

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g.*, *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially considered dispositive).

[2] Criminal responsibility is the subject of a separate report. In this Recommended Disposition, the Court only addresses Defendant's competency.

Defendant's daughter-in-law, accompanied Defendant. All parties had access to the resulting competency and criminal responsibility reports. DE ##25 (Sealed Competency Report), 26 (Sealed Criminal Responsibility Report). In the competency report, Dr. Ebben opines that Powell is competent for trial purposes. *See* DE #25, at 8.

Upon receipt of Dr. Ebben's reports, the Court promptly set a competency hearing, *see* DE #24, and the parties appeared with counsel. During the course of the hearing, the parties stipulated to admissibility of the competency report, to that report's findings, and to the examiner's qualifications. *See* DE ##31; 20 (Joint Notice, with CV attached). The parties also waived introduction of other proof, argument in opposition, and the right to cross-examine Dr. Ebben. *Id.*

Section 4241 substantially codifies the competency principles of *Dusky v. United States*, 80 S. Ct. 788 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against [her]." *See Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C. § 4241(c) (referencing § 4247(d) for hearing procedure).

Ultimately, per § 4241(d) and based on the required hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant"

meets the incompetency definition of § 4241(a). This framework **suggests** that the defense bears

the burden, although cases disagree on burden allocation. *Compare United States v. Chapple,*

No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States,

though without statutory analysis), *and United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D.

Ill. 2003) (burden on United States), *with United States v. Simmons*, 993 F. Supp. 168, 170

(W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the

proof is not disputed, and the Court need not resolve the burden allocation question, which is not

determinative. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that

argument over burden, in competency context, only matters in "narrow class" of cases where

proof is "in equipoise").

With a stipulation as to both the admissibility and substance of the competency report,

the proof as to current competency largely consists of the expert analysis of Dr. Ebben. In the

report, Dr. Ebben thoroughly analyzed Defendant's history, behavior, course of evaluation, and

assessment performance. DE #25. Dr. Ebben personally observed Powell via direct interview and

subjected her to psychological assessment, as deemed appropriate, including performing a

variety of evaluative tests. *Id.* Dr. Ebben received and reviewed investigative materials regarding

the alleged offense, the indictment, and the Court's order for the examination. *Id.*

The competency report describes Powell as having general difficulties with memory and

various physical medical conditions. She did not, however, "reveal any history of mental health

conditions or treatment[.]" *Id.* at 2. Robin similarly reported general concern (e.g., describing

Powell as a "slow learner"), but stated "there really are no other symptoms of concern" and

denied that Powell "has ever suffered from any psychiatric condition." *Id.* Dr. Ebben described Powell as "asymptomatic" from any residual CVA (stroke) symptoms.

The report described Powell's family life, educational background, and work history, and it indicates that she performs most of the activities of daily life by herself, including managing "her own money without any help[.]" *Id.* at 3. Any functional day-to-day limitations appear to be caused by physical conditions, not any neurocognitive or mental health issue. *Id.* The report indicates no substance abuse history outside some alcohol consumption 10-12 years ago. *Id.* at 4.

Dr. Ebben noted that Powell "was alert and cooperative" and made good eye contact. *Id.* Her receptive and language skills were adequate, but they "reflected a woman functioning below average intellectually." *Id.* Powell had relevant and logical thoughts, and there was no sign of a thought disorder. "Concentration and memory were fair during normal conversational speech." *Id.* "Interactions were generally positive so that Ms. Powell presented as polite, in good spirits, affable, showing no signs of distress." *Id.* Powell scored well below average on the three verbal comprehension subtests, results Dr. Ebben found consistent with his observations of Powell and information previously gathered. *Id.* at 4-5. Dr. Ebben noted Powell's "limited reading and comprehension skills[.]" *Id.* at 5. In response to a neurocognitive skills test, Dr. Ebben placed Powell "around the Borderline to Mild Mental Retardation range." *Id.* However, given Powell's work history and capacity to manage her own funds (among other capacities), Dr. Ebben found that "Mild Mental Retardation is not an appropriate diagnosis[.]" *Id.* The report summarizes, "Observations and test findings suggest that Ms. Powell, indeed, is functioning on the cusp of Borderline/Mild Mental Retardation[.]" *Id.* at 6. Dr. Ebben found "no focal signs of neurocognitive impairment[.]" *Id.*

4

Dr. Ebben reported that Powell's scores on the trial competency evaluation were normal. *Id.* at 7-8. Powell expressed a rational understanding of the role her attorney plays and her interactions with Mr. Milner. Dr. Ebben cautioned, however, that all legal proceedings should be explained to Powell in "a rather simple and concrete" manner. *Id.* at 7. Powell expressed that she understood what probation was and understands the possible prison term if convicted. *Id.* Further, Powell "understood the roles and responsibilities of the Judge, her attorney, the prosecutor, and the jury." *Id.* She understood "guilty" and "not guilty," and she learned the meanings of terms such as "preponderance of the evidence" and "beyond a reasonable doubt." *Id.* Finally, Dr. Ebben noted that "[a]lthough Ms. Powell did struggle somewhat when it came to weighing pros and cons to make decisions about her case . . ., with guidance, education, and simplifying terms, she demonstrated the capacity to make rational decisions." *Id.* "She does not have an irrational view of what might happen in her case." *Id.*

The Report concludes with Dr. Ebben's professional opinion that Powell "is competent to proceed to trial on her charge." *Id.* Dr. Ebben correctly applied the *Dusky* standard in determining that Powell is competent:

> Although she will require help reading and understanding (whether it is spoken or written) some information, she demonstrated the capacity to adapt and understand when concepts were explained in simpler terms. It does not appear as if her case is so complex that such a strategy could not be effectively used with her. . . . Although there are deficiencies in her memory based on test results, her memory skills are essentially consistent with her general intellectual functioning level and she does have functional memory skills . . . and there is no evidence of a mental health condition at this time that would affect competency related skills.

*Id.* The Court has not independently observed behavior that conflicts with the examiner's conclusions. At no point during the pendency of this action has the Court perceived Powell as having difficulty in understanding the proceedings. In the courtroom, Powell's manner has been

appropriate, and she has been responsive to the Court. She appears to understand and communicate rationally regarding case status and the legal proceedings. Powell may have some difficulty understanding complex legal terms and proceedings, and even some generalized learning / intellectual functioning difficulties, but those elements do not, on this record, threaten competency under § 4241. All participants in the case will be sensitive to the speed and formulation of matters involving Ms. Powell, to foster her comprehension.

Dr. Ebben noted his inability to review Powell's medical records. *Id.* at 8. Defense counsel proffered general difficulty and cited bureaucratic lethargy in obtaining records from the University of Kentucky. As to competency, Dr. Ebben found it "unlikely" that "medical record data would change an opinion regarding trial competency." *Id.* Powell did not contest this. DE #31. However, "[i]nformation in medical records could affect [Dr. Ebben's] opinion" on criminal responsibility. DE #26, at 7. **Final supplementation (if any) of Dr. Ebben's criminal responsibility report is due no later than May 1, 2015**. The onus is on Defendant to obtain and provide medical records to Dr. Ebben sufficiently in advance of this deadline if Defendant perceives the issue to be worthy of additional exploration. Defendant may subpoena the records if necessary for timely production.[3] The competency report is complete by its terms, and any effort to revisit competency based on medical records would require relief premised on a prompt and well-supported motion.

The Court finds nothing in the record that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds, per § 4241(a), that Powell is able to

---

[3] The Court stressed the need to acquire any necessary records from the first order. DE #21, at ¶ 5(c). Upon learning of problems by Dr. Ebben in getting records, the Court directed the parties— any of whom potentially could subpoena records—to cooperate in acquiring them. DE #22. Finally, the Court directed Dr. Ebben to promptly supplement if records affected his criminal responsibility report. DE #24 at ¶ 2.

understand the nature and consequences of the proceedings and can assist properly in her defense. Therefore, the Court **RECOMMENDS** that the District Judge find Powell competent to face further proceedings, to include trial, in this matter.

*   *   *   *   *

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 3d day of April, 2015.

Signed By:

_Robert E. Wier_

United States Magistrate Judge